UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIUS TYRONE HALL, 09239-055,                           97-CR-237E
                                                                                                  04-CV-0112E

            Petitioner,

-vs-                                                                                                                                                    ORDER

UNITED STATES OF AMERICA,

            Respondent.

---

        WHEREAS Julius Tyrone Hall entered into a plea agreement (the "Plea Agreement") on December 30, 1999 whereby he agreed to, *inter alia*, plead guilty to violation of 21 U.S.C. §846 (conspiracy to possess with intent to distribute and to distribute cocaine base); and

        WHEREAS Hall agreed to a sentencing range of between 262 and 327 months imprisonment, a fine of between $17,500 and $8,000,000 and a period of supervised release of ten years (Plea Agr. ¶ 14); and

        WHEREAS on August 1, 2003, Hall was granted a six-level downward departure resulting in a sentencing range of between 140 and 175 months imprisonment; and

        WHEREAS on August 1, 2003, Hall was sentenced to a term of imprisonment of 155 months (with child support obligations) and ten years of supervised release (with child support obligations) — a sentence that was within the range applicable due to the six-level downward departure and substantially less than the range that Hall had agreed to in the Plea Agreement; and

        WHEREAS judgment was entered against Hall on August 15, 2003; and

        WHEREAS Hall's sentence became final after he failed to file an appeal by August 25, 2003; and

WHEREAS Hall filed a motion on February 19, 2004 to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. §2255 ("Petition") on the grounds that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution based on (1) his attorney's failure to object to the sentence, which allegedly violated the Plea Agreement because the Plea Agreement purportedly promised a recommended sentence of 135 months and (2) his attorney's failure to object to this Court's purported failure to comply with Rule 32(c)(3)(a) of the Federal Rules of Criminal Procedure ("FRCrP"),[1] which requires district courts to verify that a defendant has read and discussed the Pre-Sentence Report ("PSR") with counsel;[2] and

WHEREAS this Court, in an Order dated March 22, 2004 directed the United States of America (the "USA") to file a response to the Petition; and

WHEREAS, on July 6, 2004, the USA filed its response to Hall's Petition, arguing that: (1) the Petition was barred by Hall's Plea Agreement and (2) Hall's counsel was not constitutionally deficient because (A) the Plea Agreement did not promise a recommendation of 135 months and thus it was not unreasonable to fail to object to Hall's sentence[3] and (B) it was not unreasonable for Hall's counsel to not object to the fact that Hall was not specifically

---

[1] FRCrP 32(c)(3)(A) was amended on December 1, 2002 and is now found at FRCrP 32(i)(1)(A).

[2] Hall "*believe's* [that] his [PSR] contains many errors." Def.'s Mem. at 5 (emphasis added). Hall, however, offers no specifics. Moreover, he said nothing when his counsel indicated that there were no problems with the PSR. Sentencing Tr., at 2.

[3] The Plea Agreement stated as follows:

> "[a]t sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court." Plea Agr. ¶17.

asked if he had read and discussed the PSR with counsel because circuits are divided as to whether a court must specifically ask a defendant if such has occurred; and

WHEREAS this matter was submitted on the papers on January 26, 2005; and

WHEREAS Hall did not challenge the Plea Agreement; and

WHEREAS dismissal is warranted because Hall waived the right to, *inter alia*, appeal, modify or "collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II ✻✻✻" (Plea Agr. ¶ 20); and

WHEREAS the Court of Appeals has noted that:

> "In no circumstances ✻✻✻ may a defendant, who has secured the benefits of a plea agreement and knowingly waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless."

*United States* v. *Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993);[4] and

WHEREAS Hall is barred from collaterally attacking his sentence because he was sentenced to a term of imprisonment of 155 months (with child support obligations) and ten years of supervised release (with child support obligations), a sentence within the range set forth in the Plea Agreement (Plea Agr. ¶ 14);[5] and

---

[4]*DeLeon* v. *United States of Am.*, 2002 WL 450047, at *3 (W.D.N.Y. 2002) (following *Salcido-Contreras*).

[5]*United States* v. *Djelevic*, 161 F.3d 104, 106-107 (2d Cir. 1998) (affirming denial of §2255 petition because petitioner was barred by waiver in plea agreement from appealing sentence falling within the range set forth in the plea agreement); *Morrill* v. *United States of Am.*, 2003 WL 21730690, at *2-3 (W.D.N.Y. 2003) (granting motion to dismiss §2255 petition grounded on alleged ineffective assistance of counsel at sentencing because such collateral attack was barred by a plea agreement containing identical waiver language) (Elfvin, J.). Under similar circumstances, the undersigned noted in *Morrill* that:

(continued...)

WHEREAS Hall's counsel was not "ineffective" and Hall was not prejudiced by his attorney's failure to object at Hall's sentencing because (1) the sentence that Hall received was well below the range expressly agreed to in the Plea Agreement[6] and within the revised range that resulted from a six-level downward departure and (2) FRCrP 32(i)(1)(A) does not require a district court to specifically ask a defendant whether he has read and discussed the PSR with his counsel;[7] and

WHEREAS, Hall submitted to this Court a motion dated January 24, 2005 seeking to amend his Petition pursuant to Rule 15(a) of the Federal Rules of Civil Procedure in order to assert a challenge to his sentence under *Blakely* v. *Washington*, 124 S. Ct. 2531 (2004) and *United States of Am.* v. *Booker* (and its companion case *United States of Am.* v. *Fanfan*), 125 S. Ct. 738 (2005); and

---

[5](...continued)
> "Petitioner does not allege that he entered into the plea agreement unknowingly or involuntarily; rather, his allegation is that he received ineffective counsel at the time of sentencing. Petitioner is barred from making such an argument because he knowingly and voluntarily waived his right to appeal his appropriately imposed sentence."

*Id.* at *3.

[6]*Gomez* v. *United States of Am.*, 2005 WL 525533, at *2 (E.D.N.Y. 2005) (holding that counsel was not ineffective within the meaning of *Strickland* v. *Washington*, 466 U.S. 668 (1984), where petitioner was sentenced according to the terms of the plea agreement that he had entered into and that petitioner could, therefore, not demonstrate any prejudice by his attorney). Moreover, inasmuch as Hall was not prejudiced by his attorney's performance, Hall's failure to appeal also constitutes a bar to his Motion. *United States* v. *Pipitone*, 67 F.3d 34, 38-39 (2d Cir. 1995).

[7]*United States of Am.* v. *Joblin*, 1997 WL 196591, at *2 (2d Cir. 1997) (holding that FRCrP 32(c)(3)(A) "does not require that the court [determine whether a defendant read and discussed the PSR with his attorney] by addressing the defendant personally or making oral inquiry" and noting that district courts may "draw reasonable inferences about whether the defendant has had an opportunity to review the [PSR] and to discuss it with counsel").

WHEREAS Hall's motion to amend was never filed because it was not accompanied by a certificate of service; and

WHEREAS Hall's motion would be denied as futile in any event because *Booker* is not retroactively applied to sentences that were final before January 12, 2005 and Hall's sentence was final in August of 2003 when he failed to file an appeal;[8] it is accordingly

**ORDERED** that Hall's motion to amend/supplement his Petition is denied, that Hall's Petition to vacate his sentence is dismissed, that no certificate of appealability shall issue because petitioner has not made a substantial showing of the deprivation of a constitutional right and that the Clerk of this Court shall close this case.

DATED:   Buffalo, N.Y.

   May 9, 2005

   /s/ *John T. Elfvin*
   JOHN T. ELFVIN
   S.U.S.D.J.

---

[8] *Guzman* v. *United States of Am.*, __ F.3d __, 2005 WL 803214, at *1 (2d Cir. 2005) ("[W]e hold that *Booker* is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date *Booker* was issued."); *Martinez* v. *United States of Am.*, 2005 WL 927163, at *1 (S.D.N.Y. 2005) (applying *Guzman* and denying motion to vacate sentence because petitioner's conviction was final before January 12, 2005). *Blakely* involved a challenge to a state sentencing guideline and it is thus not applicable here.